# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRICOLA BAJA BEST, S. De. R.L. de C.V., a business entity organized under the laws of the Republic of Mexico,<br><br>                                    Plaintiff,<br><br>  vs.<br><br>HARRIS MORAN SEED COMPANY, a California Corporation,<br><br>                                    Defendant. | CASE NO. 11cv2482 - IEG (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Presently before the Court is Defendant Harris Moran Seed Company ("Defendant")'s motion to dismiss Plaintiff Agricola Baja Best ("Plaintiff")'s complaint. [Doc. No. 6.] For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## BACKGROUND

The following facts are taken from the complaint. Plaintiff is a commercial agricultural grower of strawberries and tomatoes, among other things, and is a business entity organized under the laws of the Republic of Mexico with its principal place of business in Mexico. [Doc. No. 1, Compl. ¶ 3.] Defendant is a commercial seller of seeds, including tomato seeds, and is a corporation organized under the laws of California with its principal place of business in California. [Id. ¶ 4.] On or about November 24, 2010, Plaintiff entered into an oral contract with Defendant for the sale of 2.06 pounds of "Espartaco F1" variety tomato seeds and 3.02 pounds of "Moctezuma F1" variety tomato seeds from Defendant to Plaintiff for approximately $90,177. [Id.

1 ¶ 5.]

2       Plaintiff sought to purchase the tomato seeds to cultivate 37.7 hectacres of farmland in
3 Mexico. [Compl. ¶ 15.] Plaintiff's farmland is located in an area where it is difficult to grow
4 tomatoes due to a large population of thrips in the area–winged insects that spread the tomato
5 spotted wilt virus ("spotted wilt"), a virus that is often fatal to affected tomato crops. [Id. ¶ 11.]
6 Plaintiff alleges that its fields are under constant thrip control methods. [Id.] Due to these
7 conditions, the use of tomato seeds that are not susceptible to spotted wilt is essential for
8 Plaintiff's farming operations. [Id. ¶ 12.]

9       Prior to purchasing the tomato seeds, Plaintiff expressed its concern about its spotted wilt
10 problem to Defendant. [Compl. ¶ 12.] Plaintiff alleges that Defendant's sales representatives,
11 including but not limited to Jorge Machado, recommend the "Espartaco F1" and "Moctezuma F1"
12 variety tomato seeds as the best available option for Plaintiff's particular needs. [Id.] Defendant
13 classifies its plant varieties using four different levels of resistance to pest or pathogen infection:
14 (1) Immunity ("I"); (2) Resistance ("R"); (3) Intermediate Resistance ("IR"); and (4) Susceptible
15 ("S").[1] [Compl. ¶¶ 8-9, Ex. 1.] Plaintiff alleges that Defendant warranted and misrepresented to

---

[1] The four classifications are defined by Defendant as follows:

**Immunity.** Plant varieties which are not subject to attack or infection by a specific pest/pathogen are considered immune.

**Resistance.** Not as strong as immunity; two levels of resistance are defined.

    **Resistance (R)**: plant varieties that restrict the growth and development of the specific pest or pathogen under normal pest or pathogen attack pressure when compared to susceptible varieties. These plant varieties can exhibit some symptoms or damage under heavy pest of pathogen pressure. Plant varieties with Resistance (R) are not immune to the pest/pathogen.

    **Intermediate Resistance (IR)**: plant varieties that restrict the growth and development of the specified pest/pathogen, but may exhibit a greater range of symptoms or damage compared to resistant varieties. Intermediate resistance plant varieties will usually show less severe symptoms or damage than susceptible plant varieties when grown under similar environmental conditions and/or pest/pathogen pressure, but may have heavy damage under heavy pressure. Plant varieties with Intermediate Resistance (IR) are not immune to the pest/pathogen.

**Susceptible** is defined as the inability of a plant variety to restrict the growth and development of a specified pest/pathogen. Plant varieties that are susceptible will

1  Plaintiff that the tomato seeds it bought had Intermediate Resistance ("IR") to spotted wilt and that
2  the "Moctezuma F1" tomato seeds had a high ability to adapt to different areas with spotted wilt
3  incidence. [Id. ¶ 10.]

4       Plaintiff alleges that the tomato seeds it purchased did not have Intermediate Resistance
5  ("IR") as defined by Defendant to spotted wilt and instead were highly Susceptible ("S") to
6  spotted wilt. [Compl. ¶ 14.] Plaintiff alleges that Defendant's defective tomato seeds damaged
7  Plaintiff's tomato harvest. [Id. ¶ 19.] Plaintiff had estimated it would be able to obtain a total
8  productions of 377,000 tomato boxes from the fields planted with the seeds that it purchased from
9  Defendant. [Id.] However, Plaintiff was only able to sell 36,591 tomato boxes for export and
10 35,396 mini-boxes to the domestic market. [Id. ¶ 20.] Plaintiff also alleges that it incurred
11 production costs related to the harvest, including fertilizer, irrigation, and labor. [Id.]

12      On October 26, 2011, Plaintiff filed a complaint against Defendant alleging eight causes of
13 action for: (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty of
14 merchantability, (4) breach of implied warranty of fitness for a particular purpose, (5) products
15 liability, (6) negligence, (7) negligent misrepresentation, and (8) fraud. [Compl.] By the present
16 motion, Defendant seeks to dismiss Plaintiff's claims for breach of contract, implied warranty,
17 product liability, negligent misrepresentation, and fraud. [Doc. No. 6-1, Def.'s Mot.]

18 **DISCUSSION**

19 **I.    Legal Standards for a Motion to Dismiss**

20      A complaint must contain "a short and plain statement of the claim showing that the
21 pleader is entitled to relief." FED. R. CIV. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6)
22 of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the
23 complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The
24 court must accept all factual allegations pleaded in the complaint as true, and must construe them
25 and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty

---

27     show damage when infected and are more likely to have heavy damage under moderate
28     levels of pest/pathogen pressure.

[Compl. Ex. 1.]

Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## II. Breach of Contract

Defendant argues that Plaintiff has failed to allege a claim for breach of contract because it entered into a contract with Defendant's subsidiary, Semillas, not Harris Moran. [Def.'s Mot. at 4-5.] Defendant also argues that the claim should be dismissed because Plaintiff does not allege the specific terms of the oral contract that were breached. [Id. at 5.][2] In response, Plaintiff argues that it has adequately pleaded that it entered into a contract with Defendant and it has adequately stated the nature of Defendant's breach. [Pl.'s Opp'n. at 6-7.]

---

[2] Defendant also argues that Plaintiff's breach of contract claim should be dismissed to the extent it is grounded in fraud for failure to meet Rule 9(b)'s heightened pleading standard. [Def.'s Mot. at 5-6.] However, Plaintiff's breach of contract claim is not grounded in fraud. [See Compl. ¶¶ 22-26.] Therefore, Plaintiff's breach of contract claim need only meet Rule 8's pleading standard and not Rule 9(b)'s standard. See, e.g., FDIC v. GB Escrow, Inc., 2011 U.S. Dist. LEXIS 113579, at *11 (C.D. Cal. Sept. 28, 2011).

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). In order to form a valid and enforceable contract, it is essential that there be: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient consideration. CAL. CIV. CODE § 1550; see Binder v. Aetna Life Ins. Co., 75 Cal. App. 4th 832, 850 (1999) (noting that a manifestation of mutual assent is required to form a valid contract).

In support of its claim for breach of contract, Plaintiff alleges that it entered into an oral agreement with Defendant for the purchase of the tomato seeds on or about November 25, 2010. [Compl. ¶¶ 5, 23.] Plaintiff alleges that it performed under the contract by tendering the agreed upon purchase price. [Id. ¶ 24.] Plaintiff further alleges that Defendant breached the oral agreement by delivering seeds that did not have Intermediate Resistance ("IR") as represented by Defendant to spotted wilt. [Id. ¶¶ 6-10, 12-17, 25.] Finally, Plaintiff alleges that it suffered damages as a result of Defendant's breach. [Id. ¶ 26.] These allegations are sufficient to plead a claim for breach of contract. See CDF Firefighters, 158 Cal. App. 4th at 1239.

Defendant argues that Plaintiff has failed to allege a breach of contract claim against it because it actually entered into a contract with its subsidiary, Semillas, since the contract was entered into in Mexico. However, this argument is improper on a motion to dismiss where the Court's review is limited to the factual allegations in Plaintiff's complaint. See Fed. R. Civ. P. 12(b)(6); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff alleges in the complaint that it entered into an oral agreement with Defendant, not Semillas, for the sale of the tomato seeds. [Compl. ¶¶ 5, 23.] In deciding Defendant's motion to dismiss, the Court must accept this allegation as true. See Cahill, 80 F.3d at 337-38. Defendant argues that this allegation does not meet Rule 8's notice pleading requirement because it fails to allege an essential fact of the claim– the location where the contract was entered into. [Def.'s Reply at 2-3.] However, to state a claim for breach of contract, Plaintiff need only allege the existence of a contract between itself and Defendant. See CDF Firefighters, 158 Cal. App. 4th at 1239. Defendant provides no

1  authority for its contention that a plaintiff must plead the location of where the contract was
2  formed.
3        Defendant also argues that Plaintiff's allegations regarding Defendant's breach are vague
4  and do not identify the specific terms of the contract that were breached. The Court disagrees.
5  Plaintiff sufficiently alleges that Defendant breached the contract by selling Plaintiff seeds that
6  should have been characterized as Susceptible ("S") and not Intermediate Resistance ("IR").
7  [Compl. ¶ 25.] These allegations give Defendant sufficient notice of the contractual term Plaintiff
8  alleges was breached–that Defendant would sell Plaintiff seeds that met Defendant's
9  characterization of Intermediate Resistance ("IR"). Accordingly, the Court declines to dismiss
10 Plaintiff's claim for breach of contract.

11 **III    Implied Warranty Claims**

12       Defendant argues that Plaintiff's implied warranty claims should be dismissed because
13 Plaintiff does not allege that it was in privity with Defendant. [Def.'s Mot. at 6.] In response,
14 Plaintiff argues that it has sufficiently alleged that it entered into a contract with Defendant for the
15 tomato seeds. [Pl.'s Opp'n. at 6-7.]
16       Under California law, an action for breach of implied warranty requires vertical privity of
17 contract unless certain exceptions apply. Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695-96
18 (1954); Fieldstone Co. v. Briggs Plumbing Prods., Inc., 54 Cal. App. 4th 357, 371 (1997). "The
19 term 'vertical privity' refers to links in the chain of distribution of goods. If the buyer and seller
20 occupy adjoining links in the chain, they are in vertical privity with each other and lack of privity
21 would not be available as a defense to the seller in a warranty action brought by the buyer."
22 Osborne v. Subaru of America, Inc., 198 Cal. App. 3d 646, 656 n.6 (1988).
23       In support of its implied warranty claims, Plaintiff alleges that it entered into an oral
24 agreement with Defendant for the sale of the tomato seeds, with Defendant as the seller and
25 Plaintiff as the buyer. [Compl. ¶¶ 5, 34, 41.] Defendant may contend that the agreement was
26 actually entered into with its subsidiary, Semillas, but in deciding Defendant's motion to dismiss,
27 the Court must accept Plaintiff's allegations as true. See Cahill, 80 F.3d at 337-38. Therefore,
28 Plaintiff has sufficiently alleged that there was vertical privity of contract between itself and

1 | Defendant. See Osborne, 198 Cal. App. 3d at 656 n.6.

2 |      Defendant also argues that Plaintiff's implied warranty claims should be dismissed because
3 | these claims are based on alleged misrepresentations that were made to Plaintiff, but Plaintiff does
4 | not allege that these misrepresentations were made by an authorized agent of Defendant. [Def.'s
5 | Mot. at 6.] Defendant is incorrect. Plaintiff alleges that these representations were made by
6 | Defendant's sales representatives, including but not limited to Mr. Jorge Machado. [Compl. ¶ 44.]
7 | Accordingly, the Court declines to dismiss Plaintiff's implied warranty claims.

8 | **IV.  Products Liability Claim**

9 |      Defendant argues that Plaintiff's products liability claim should be dismissed because a
10 | products liability claim cannot be asserted where a plaintiff only claims that it suffered economic
11 | losses. [Def.'s Mot. at 7-8.] Plaintiff argues that it has alleged damages other than economic
12 | losses because it asserts that the defective seeds damaged its tomato crop, which is the end
13 | product, and not the seeds themselves. [Pl.'s Opp'n. at 8-11.]

14 |      Under California law, injury to the plaintiff from the defective product is an essential
15 | element of a cause of action for products liability. Kanter v. Warner-Lambert Co., 99 Cal. App.
16 | 4th 780, 790 (2002). "Liability may be imposed either for personal injury or for physical damage
17 | to property, but if the damage consists solely of economic losses, recovery on a products liability
18 | theory is unavailable." Id. Economic loss is defined as damages for "inadequate value, costs of
19 | repair and replacement of the defective product." Sacramento Reg'l Transit Dist. v. Grumman
20 | Flxible, 158 Cal. App. 3d 289, 294 (1984).

21 |      This rule referred to as the economic loss rule also bars the recovery of damages in a
22 | products liability action when the injury is only to the defective product itself and not to property
23 | other than the defective product. See Jimenez v. Sup. Ct., 29 Cal. 4th 473, 483 (2002); see also id.
24 | ("The law of contractual warranty governs damage to the product itself."). However, "the
25 | economic loss rule does not necessarily bar recovery in tort for damage that a defective product
26 | (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former
27 | has been incorporated." Id. For a party to show that the defective product is a component of a
28 | larger product for which damage to the larger product is considered damage to "other property,"

1  the party must show that "the defective part is a sufficiently discrete element of the larger product
2  that it is not reasonable to expect its failure invariably to damage other portions of the finished
3  product." KB Home v. Sup. Ct., 112 Cal. App. 4th 1076, 1087 (2003). This determination is a
4  question of fact for the jury to decide. Id.

5  Plaintiff alleges that it suffered damages from the defective tomato seeds in the form of the
6  loss of its tomato harvest. [Compl. ¶ 53.] Defendant argues that this is solely an economic loss
7  and an injury to the defective product itself, the tomato seeds. [Def.'s Mot. at 7-8.] Plaintiff
8  argues that the tomato seeds are a component of a larger product, the tomato harvest. [Pl. Opp'n.
9  at 8-10.] Plaintiff argues, therefore, it has alleged an injury to "other property," satisfying the
10 economic loss rule. [Id.] This dispute is a question of fact for the jury that cannot be resolved
11 through a motion to dismiss. See KB Home, 112 Cal. App. 4th at 1087; see also Cook, Perkiss &
12 Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 245 (9th Cir. 1990) ("It is
13 well-established that questions of fact cannot be resolved or determined on a motion to dismiss for
14 failure to state a claim upon which relief can be granted."). Accordingly, the Court declines to
15 dismiss Plaintiff's products liability claim.

16 **V.     Negligent Misrepresentation and Fraud Claims**

17 Defendant argues that Plaintiff's negligent misrepresentation and fraud claims should be
18 dismissed because Plaintiff's allegations fail to meet Rule 9(b)'s heightened pleading standards.
19 [Def.'s Mot. at 8-11.] Plaintiff argues that its allegations are sufficient. [Pl.'s Opp'n. at 11-12.]

20 The elements of a fraud claim include: (1) misrepresentation by way of a false
21 representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4)
22 justifiable reliance; and (5) resulting damage. See Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th
23 513, 519 (2004). "The same elements comprise a cause of action for negligent misrepresentation,
24 except there is no requirement of intent to induce reliance. In both causes of action, the plaintiff
25 must plead that he or she actually relied on the misrepresentation." Id.

26 Further, under Federal Rule of Civil Procedure 9, a Plaintiff must plead claims for fraud
27 and negligent misrepresentation with particularity. See FED. R. CIV. P. 9(b); Neilson v. Union
28 Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established in the

Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement."). Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff alleges that Defendant represented that the tomato seeds had Intermediate Resistance ("IR") to spotted wilt and that this statement was false because the seeds had a high susceptibility to spotted wilt. [Compl. ¶¶ 64-65, 70-72.] These allegations provide the "what" and "how" of the misconduct charge, but Plaintiff fails to provide the "who," "when," and "where." Plaintiff does not allege when these statements were made. Plaintiff does not specifically allege who made these statements.[3] Plaintiff does allege that Defendant's statements describing the levels of resistance were made on Defendant's website. [Id. ¶¶ 8-9, Ex. 1.] However, Plaintiff does not allege that the website states that the "Moctezuma F1" and the "Espartaco F1" tomato seeds that plaintiff bought were seeds that met Defendant's IR level of resistance. Indeed, it is unclear from the complaint where the representation that the tomato seeds had Intermediate Resistance ("IR") came from. Therefore, these allegations do not meet Rule 9(b)'s heightened pleading standards. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for fraud and negligent misrepresentation.

///

---

[3] Plaintiff alleges that Defendant's sales representatives, including but not limited to Mr. Jorge Machado, recommended that the seeds were the best available options for Plaintiff's needs. [Compl. ¶ 12.] However, Plaintiff does not allege that these sales representatives also made the alleged misrepresentation–that the tomato seeds were Intermediate Resistant ("IR"). In addition, merely referring to the sales representatives as "Harris Moran's sales representatives" does not satisfy the "who" requirement of Rule 9(b).

## CONCLUSION

For the above reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for fraud and negligent misrepresentation; and the Court declines to dismiss Plaintiff's claims for breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and products liability. Plaintiff may file a first amended complaint within (21) calendar days from the date of this Order.

**IT IS SO ORDERED.**

**DATED:** February 15, 2012

*Irma E. Gonzalez*

**IRMA E. GONZALEZ**
**United States District Judge**