# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRICOLA BAJA BEST, S. De. R.L. de C.V.,<br><br>Plaintiff,<br><br>vs.<br><br>HARRIS MORAN SEED COMPANY,<br><br>Defendant. | CASE NO. 11cv2482 - IEG (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>[Doc. No. 40] |

Before the Court is Plaintiff Agricola Baja Best, S. De. R.L. de C.V.'s motion for leave to amend. [Doc. No. 40.] For the reasons below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

This case arises from the loss of a commercial tomato crop. Plaintiff is a commercial grower with tomato fields located in an area populated by thrips, small winged insects which spread the Tomato Spotted Wilt Virus ("TSWV"). [Doc. No. 11 at ¶ 11.] Plaintiff purchased purportedly TSWV-resistant tomato seeds from Defendant Harris Moran Seed Company on or about November 24, 2010, and contends that plants grown from those seeds were damaged by TSWV, diminishing yield and profit. [*See id.* at ¶¶ 10, 19, 20.]

Plaintiff commenced suit on October 26, 2011, and filed the operative First

Amended Complaint on March 7, 2012, alleging breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, products liability, negligence, negligent misrepresentation, and fraud. [*See* Doc. No. 11.] On September 13, 2012, the Court entered a scheduling order holding, *inter alia*, that "[a]ny motion . . . to amend the pleadings . . . shall be filed on or before **December 3, 2012**." [Doc. No. 21 at 1. (emphasis in original).] The parties moved for and received several discovery deadline extensions. [*See* Doc. Nos. 27, 29, 36, 38.] In its May 2, 2013 motion to extend, Plaintiff expressed intent to seek leave to file a Second Amended Complaint ("SAC") within two weeks. [Doc. No. 36 at 2,3.] Both its own self-imposed two week deadline and the December 3, 2012 scheduling order deadline passed without Plaintiff filing a motion to amend or seeking a further extension. Nor did Plaintiff's counsel express continued intent to amend during any subsequent communications with defense counsel. [*See* Doc. 43-4 at ¶ 17.] Only with the present motion, filed over six months past the scheduling order deadline, does Plaintiff seek leave to file an SAC alleging new legal theories relating to the rate of germination and level of disease resistance of the seeds. [Doc. No. 40 at 2-3.]

## DISCUSSION

Under Federal Rule of Civil Procedure 16(b), a movant seeking leave to amend after an expired scheduling order deadline bears the burden of "show[ing] good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992) ("Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control[].").

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking . . . amendment and the prejudice to the opposing party, Rule

16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Onyx Pharm., Inc. v. Bayer Corp.*, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) (the "moving party must show reasonable diligence."). "To show the requisite diligence, the party seeking amendment must establish both that her noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated and that she was diligent in seeking amendment of the Rule 16 order once it became apparent that she could not comply." *Life Technologies Corp. v. Ebioscience, Inc.*, 2012 WL 3628624, at *3 (S.D. Cal. Aug. 21, 2012) (internal quotation omitted); *accord Harris v. Vector Marketing Corp.*, 2010 WL 3743532, at *2 (N.D. Cal. Sept. 17, 2010) (a party that "has failed to explain why [it] did not move [] earlier," "has failed to satisfy the Rule 16(b) good cause standard.").

The record here does not reflect reasonable diligence and therefore Plaintiff fails to establish good cause. Plaintiff received the alleged representations in regard to and informed Defendant of the germination issue well before the inception of this lawsuit, *i.e.*, years before the scheduling order's deadline. [*See, e.g.*, Doc. No. 44 at 4; Doc. No. 40 at 3.] Thus, Plaintiff knew, or should have known, of the facts underlying the proposed amendments well before the scheduling order deadline to amend. The only purportedly new development since the deadline passed is a determination that long-known, underlying facts support additional legal theories. [Doc. No. 44 at 7 ("Plaintiff's experts have opined that the germination rate issue is basis [sic] for damages.").] Counsel's delayed comprehension of legal theories readily available from the outset of the lawsuit does not establish reasonable diligence. Rather, in light of the record, it reflects carelessness: Plaintiff failed to timely pursue cognizable legal theories, failed to meet the Court-imposed deadline to amend, failed to meet its own self-imposed deadline to move for leave to amend, and failed to notify either the Court or opposing counsel of its continued intent to pursue

leave to amend after missing these deadlines. This record of "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson,* 975 F.2d at 607-08. Given Plaintiff's failure to establish reasonable diligence, leave to amend is **DENIED**. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (quoting *Johnson*, 975 F.2d at 609); *Life Technologies*, 2012 WL 3628624, at *3 ("failure to establish reasonable diligence alone warrants denial.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** August 20, 2013

**IRMA E. GONZALEZ**
**United States District Judge**